IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SHIALEIK LORENZO LEWIS,　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　VS.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
Lieutenant DOUGLASS RIDALL,　　　:　　　NO. 7:06-cv-18(HL)
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant　　　:　　**O R D E R**

---

　　　　Plaintiff **SHIALEIK LORENZO LEWIS**, presently confined in Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

　　　　It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I.  STANDARD OF REVIEW*

　　　　*A.  28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  DISCUSSION

This section 1983 lawsuit arises out of plaintiff's March 22, 2005 disciplinary hearing at Valdosta State Prison, where plaintiff was previously confined.  During plaintiff's disciplinary

hearing, defendant Lieutenant Douglass Ridall allegedly made defamatory statements about plaintiff. Plaintiff files this action seeking unspecified monetary relief against Lieutenant Ridall.

Plaintiff's allegation that he was defamed by Lieutenant Ridall is insufficient to state a cause of action under section 1983. The damage to reputation alone, apart from some more tangible interest such as employment, does not implicate any "property" or "liberty" interest sufficient to invoke the due process clause. ***Paul v. Davis***, 424 U.S. 693 (1975). Therefore, while plaintiff may have a cause of action in state court for defamation, he has not shown a constitutional violation under section 1983.

## III. CONCLUSION

In light of the above, plaintiff's section 1983 claims are legally frivolous. The complaint is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 9th day of March, 2006.


s/   **Hugh Lawson**_____
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr